# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| AMANDA KING, individually and on behalf of similarly situated persons,<br><br>　　　　Plaintiff,<br><br>v.<br><br>AMERICAN HUTS, INC. d/b/a PIZZA HUT,<br><br>　　　　Defendant. | Civil Action No.: 3:19-cv-00260-PLR-DCP |

## MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL OF THE CASE WITH PREJUDICE

The Parties, through undersigned counsel, submit this Memorandum in support of their Joint Motion for Approval of Settlement and Dismissal of the Case with Prejudice.

### A. Nature of the Dispute

Plaintiff worked as a non-exempt employee of Defendant during the relevant statute of limitations. Plaintiff, who was employed to deliver food to Defendant's customers via automobile, alleges that Defendant did not reimburse her for her mileage at a rate sufficient to cover the automobile expenses she incurred while performing her job duties. Plaintiff further alleges that such expenses were incurred for the benefit of Defendant and that the insufficient reimbursement had the effect of reducing her hourly wages below the minimum wage.

Defendant denies Plaintiff's allegations and contends that no amounts are due and owing to Plaintiff. Defendant conducted an extensive investigation and concluded that it paid Plaintiff in excess of the minimum wage for all hours worked.

The Parties acknowledge that they have a dispute that is unlikely to be resolved without a trial of the case or an arbitration hearing, and that a trial or arbitration is risky to both sides as well as expensive to conduct.

**B. <u>Summary of the Settlement</u>**

After considering the above dispute, the Parties agreed to a settlement of Plaintiff's claims. Under the settlement, Plaintiff will receive nine-hundred, ninety-eight dollars and forty-nine cents ($998.49) in wages for the alleged difference between the minimum wage and the amounts paid by Defendant, and an additional nine-hundred, ninety-eight dollars and forty-nine cents ($998.49) in liquidated damages. This settlement fully compensates Plaintiff for the amounts she claims that she was underpaid. Additionally, the settlement provides that Defendant will pay a total of two-thousand, three dollars and two cents ($2,003.02) to Plaintiff's counsel as attorneys' fees and costs, which were negotiated and agreed upon separately from the amount Plaintiff is receiving. The Parties agree that this is a reasonable resolution of Plaintiff's claims.

The specifics of the settlement are detailed in the Settlement Agreement and General Release attached as Exhibit 1 to the Joint Motion for Approval of Settlement and Dismissal of the Case with Prejudice.

**C. <u>The Court Should Approve the Parties' Agreed Upon Resolution of this Case.</u>**

In this case, the Court should approve the Parties' agreed-upon resolution because it was achieved in an adversarial context, experienced counsel represents the Parties on both sides, and the agreed settlement reflects a fair and reasonable compromise over disputed issues.

An FLSA claim, except in two circumstances, cannot be waived or resolved through agreement of the parties. <u>Martin v. Indiana Michigan Power Co.</u>, 292 F.Supp.2d 947, 959-60 (W.D. Mich. 2002). The only two ways that an FLSA claim can be resolved through agreement

of the parties are (1) that the Secretary of Labor can supervise the payment of back wages or (2) that the employer and employee present the proposed settlement to the district court for approval. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982); Stalnaker v. Novar Corp., 293 F.Supp.2d 1260, 1262-63 (M.D. Ala. 2003). Here, the Parties request the Court approve the Parties' agreed-upon resolution of all claims in this case.

A district court, when reviewing a proposed agreed-upon resolution of an FLSA claim, must scrutinize it for fairness and decide whether it is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." Lynn's Food Stores, 679 F.2d at 1353, 1355. In Lynn's Food Stores, the court established the following factors for a district court to examine to determine whether to approve an agreed-upon resolution of an FLSA claim:

1. Was it achieved in an adversarial context?
2. Was the Plaintiff represented by attorneys who can protect her rights?
3. Does it reflect a fair and reasonable compromise over issues that are actually in dispute?

Id. at 1353-54.

Here, the Parties agree that there is a bona fide dispute as to whether Plaintiff was paid the minimum wage for all hours worked. This is particularly the case when Plaintiff bases her claims on the reimbursement amount for her mileage, raising fact issues as to the appropriate reimbursement rate and the number of miles that she drove, both issues that are difficult to prove and disprove given the evidence available to the Parties. As such, the resolution was indisputably reached in an adversarial context.

Additionally, the resolution reached by the Parties involved substantial discussions by experienced counsel who protected the rights of both Parties. All counsel involved in this case

have extensive experience in litigating claims under the FLSA. Each counsel was obligated to, and did, vigorously represent their clients' rights.

The Parties submit to the Court that the terms of the resolution reflect a fair and reasonable compromise regarding *bona fide* disputes between the Parties with respect to whether damages were available to Plaintiff under the FLSA and also the amount of damages, if any, that was available to Plaintiff under the FLSA. The complexity, expense, and length of future litigation also support approval of this settlement. The Parties continue to disagree over the merits of the claims Plaintiff asserted. As explained above, Plaintiff contends Defendant effectively failed to pay her the federal minimum wage for all hours worked by reimbursing her mileage at a rate insufficient to cover the automobile expenses incurred while performing her job duties. Defendant maintains that Plaintiff was sufficiently reimbursed and thus fully and properly compensated for all hours worked. If the Parties continued to litigate or arbitrate this matter, they would be forced to engage in additional discovery, possible motion practice, and ultimately a costly trial or arbitration hearing to resolve this matter, the merits of which are uncertain. This settlement, therefore, is a reasonable means for both Parties to minimize future risks and litigation costs. With the Court's approval, the Parties will be resolving all claims and disputes between them arising out of, or in any way related to, Plaintiff's claims under the FLSA, including attorneys' fees and costs.

### IV. Conclusion

For the foregoing reasons, the Parties request that the Court enter its Order approving the Parties' agreed-upon resolution of the claims brought in this action and dismiss this action with prejudice based on the Parties' agreement.

DATED this 4th day of February, 2020.

Respectfully submitted,

| | |
|---|---|
| /s/ *Joe P. Leniski, Jr.* | /s/ *Jay A. Ebelhar* |
| Joe P. Leniski, Jr. (TN BPR#022891) | Craig A. Cowart (TN BPR # 017316) |
| J. Gerard Stranch, IV (TN BPR#023045) | Jay A. Ebelhar (TN BPR # 022770) |
| **BRANSTETTER, STRANCH &** | JACKSON LEWIS P.C. |
| **JENNINGS, PLLC** | 999 Shady Grove Road, Suite 110 |
| 223 Rosa Parks Ave. Suite 200 | Memphis, TN 38120 |
| Nashville, TN 37203 | Telephone: (901) 462-2600 |
| Telephone: 615/254-8801 | Facsimile: (901) 462-2626 |
| Facsimile: 615/255-5419 | Email: craig.cowart@jacksonlewis.com |
| Email: gerards@bsjfirm.com | jay.ebelhar@jacksonlewis.com |
| joeyl@bsjfirm.com | |
| | *Attorneys for Defendant* |
| *Attorneys for Plaintiff* | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of February, 2020, a true and correct copy of the foregoing document was filed with the Clerk of Court via the Court's CM/ECF system which will automatically send electronic notification of such filing to the following individual(s) of record:

> Joe P. Leniski, Jr.
> J. Gerard Stranch, IV
> BRANSTATTER, STRANCH &
>  JENNINGS, PLLC
> 223 Rosa Parks Ave., Suite 200
> Nashville, TN 37203
> Email: gerads@bsjfirm.com
>     joeyl@bsjfirm.com
>
> *ATTORNEYS FOR PLAINTIFF*

/s/ *Jay A. Ebelhar*

4829-9311-0192, v. 2